IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASHLEY NOTESTINE,<br><br>Plaintiff,<br><br>v.<br><br>MYRIAD GENETIC LABORATORIES, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No: 2:11-cv-822 DN<br><br>District Judge David Nuffer |

Defendant's motion to dismiss[1] has been extensively briefed[2] and argued.[3] "Plaintiff was employed at Defendant Myriad in the Women's Health Division sales force from July 1, 2008 until her termination on April 14, 2010."[4] She filed a charge of discrimination with the Missouri Commission of Human Rights on August 5, 2010.[5] A right to sue letter was issued January 12, 2011.[6] This suit was filed April 1, 2011.

Her employment contract limits her right to sue, requiring that she file "no more than six (6) months after the date of the employment action:"

---

[1] Motion to Dismiss, docket no. 8, filed September 23, 2011.

[2] Memorandum in Support of Motion to Dismiss, docket no. 9, filed September 23, 2011; Plaintiff's Reply to Defendant's Motion to Dismiss (Plaintiff's Reply), docket no. 16, filed October 28, 2011; Reply Memorandum in Support of Motion to Dismiss, docket no. 17, filed November 10, 2011; Supplemental Memorandum in Support of Motion to Dismiss, docket no. 24, filed May 11, 2012; Supplemental Memorandum in Opposition to Motion to Dismiss, docket no. 26, filed May 17, 2012; Reply in Response to Plaintiff's Supplemental Memorandum in Opposition to Motion to Dismiss, docket no. 30, filed June 1, 2012.

[3] Minute Order, docket no. 23, filed May 1, 2012.

[4] Complaint, ¶3 at 2, docket no. 2, filed in Utah September 9, 2011, filed in Western District of Missouri in Case No. 4:11-CV-00338 as docket no. 1, April 1, 2011.

[5] Docket no. 17-2, filed November 10, 2011.

[6] Docket no. 17-3, filed November 10, 2011.

>    9. Governing Law and Forum.  The parties hereto agree that the terms of this Agreement shall be governed by and construed in accordance with the laws of the State of Utah without giving effect to conflicts of law principles.  Any litigation between the parties concerning this Agreement, or any claim or lawsuit relating to Employee's employment with the Company, including termination, must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit, and Employee waives any statute of limitations to the contrary and any right to a jury trial.  Any such litigation, claim or lawsuit shall only be filed in a state or federal court in and for Salt Lake County.[7]

Notestine urges that the limitation period in the contract is unreasonable because it would require filing of suit before the EEOC usually issues a right to sue letter, which itself is a condition precedent to suit.[8]  However, several cases[9] have upheld similar clauses with similar limitation periods, with some pointing out that plaintiffs could urge the EEOC to act more quickly than the 180 days permitted for its review, or file suit and seek a stay.[10]  Myriad relies on these cases.  Ms. Notestine does cite contrary authority, some rejecting this approach.[11]  But the Tenth Circuit has no controlling decision in this area.  And the parties have cited no decision of a trial court in this circuit.  In the absence of controlling authority, I look for other indications of what the Tenth Circuit would do.

Myriad relies on *Salisbury v. Hartford Life and Accident Co.*[12] to support the limitation clause.  However, the facts of *Salisbury* were very different.  Mrs. Salisbury waited 4 ½ years after her claim under her ERISA plan was denied.  The plan contained very ambiguous language

---

[7] Employment Agreement at 3, docket no. 9-1, filed September 23, 2011.

[8] Plaintiff's Reply at 2.

[9] *Boaz v. Federal Express Corp.*, 742 F. Supp. 2d 925, 932-33 (W.D. Tenn. 2010); *Tompkins v. Federal Express Corp.*, No. 2:09- cv-02073-JPM-dkv, 2010 WL 1780232 (W.D. Tenn., April 30, 2010).

[10] *Johnson v. DaimlerChrysler Corporation,* No. C.A. 02-69 GMS, 2003 WL 1089394, *1-*6 (D. Del. March 6, 2003); *Smith v. Western-Southern Life*, No. C-3-99-421, slip op., (S.D. Ohio March 18, 2000).

[11] *Scott v. Guardsmark Security*, 874 F. Supp. 117, 121 (D.S.C. 1995); *Lewis v. Harper Hospital*, 241 F. Supp 2d. 769, 772 (E.D. Mich. 2002); *Salisbury v. Art Van Furniture,* 938 F. Supp. 435, 437-38 (W.D.Mich.1996); *Mabry v. The Western Southern Life Ins. Co.*, 2005 WL 1167002 (M.D.N.C. Apr. 19, 2005).

[12] 583 F.3d 1245 (10th Cir. 2009).

about the date on which its contractual three-year limitation period started to run.[13] The court side-stepped the arguments about invalidity of the limitation period and possible remedies, because "Mrs. Salisbury filed her lawsuit more than three years after Hartford's . . . denial of her administrative appeal."[14] Ms. Notestine's delay is not nearly so long, and the issue here is not the date the limitation period starts to run.

The cases on which Myriad relies presume that a plaintiff can file a lawsuit before the EEOC right to sue letter is received. In fact, most courts do not dismiss a case filed before a right-to-sue letter is issued, but require an amendment after the letter is received.[15] While no Tenth Circuit case directly confronts the issue, *Roe v. Cheyenne Mtn. Conf, Resort, Inc.* cites that procedure with approval.[16] That procedure would have allowed Ms. Notestine to comply with the contractual limitation period. In *Roe*, no one raised the issue "that plaintiff filed her suit before filing her EEOC charge." But the Tenth Circuit noted that "other courts have held that jurisdictional prerequisites may be satisfied after commencement of the action. Therefore, we believe that the filing of this action before having filed with the EEOC no longer presents a jurisdictional problem."[17]

Since it appears that the Tenth Circuit, like most courts, endorses the "file and amend" procedure that complies with the contract, there was no bar to Ms. Notestine's filing this suit. It is therefore not unreasonable to require compliance with the contractual limitation provision.

---

[13] *Id.* at 1248.

[14] *Id.*

[15] 4 Lex K. Larson, Employment Discrimination, 2nd. Ed., §74.02[2].

[16] 124 F.3d 1221 (10th Cir. 1997).

[17] *Id.* at 1228 n. 3.

## ORDER

**IT IS HEREBY ORDERED** that the motion to dismiss[18] is **GRANTED.**

Dated May 31, 2013.

BY THE COURT:

David Nuffer
United States District Judge

[18] Motion to Dismiss, docket no. 8, filed September 23, 2011.