IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASHLEY NOTESTINE,<br><br>                Plaintiff,<br><br>v.<br><br>MYRIAD GENETIC LABORATORIES,<br>INC.,<br><br>                Defendant**.** | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO STAY AND GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES**<br><br>Case No: 2:11-cv-822 DN<br><br>District Judge David Nuffer |

Plaintiff Ashley Notestine' filed a Motion to Stay Defendant's Bill of Costs and Motion for Attorneys' Fees and to Tax Costs During the Pendency of Plaintiff's Appeal.[1]  This order denies that motion and grants Defendant Myriad Genetic Laboratories, Inc.'s ("Myriad") Motion for Attorneys' Fees and to Tax Costs.[2]

### Procedural Summary

On May 31, 2013, Myriad's motion to dismiss was granted.[3]  On June 14, 2013, Myriad filed a motion for an award of attorneys' fees and costs in the amount of $62,052.02.[4] On July 11, 2013 Notestine filed a Motion to Stay Defendant's Bill of Costs and Motion for Attorneys'

---

[1] Motion to Stay Defendant's Bill of Costs and Motion for Attorneys' Fees and to Tax Costs During the Pendency of Plaintiff's Appeal (Motion to Stay), docket no. 46, filed July 11, 2013.

[2] Motion for Attorneys' Fees and to Tax Costs, docket no. 36, filed June 14, 2013.

[3] Memorandum Decision and Order Granting Motion to Dismiss, docket no. 34, filed May 31, 2013.

[4] Motion for Attorneys' Fees and to Tax Costs, docket no. 36, filed June 14, 2013.

Fees and to Tax Costs during the Pendency of Plaintiff's Appeal.[5]  On July 29, 2013 Myriad

filed a Memorandum in Opposition to Plaintiff's Motion to Stay.[6]

### I. Notestine's Motion to Stay Myriad's Bill of Costs and Motion for Attorneys' Fees

Although this case has been appealed to the Tenth Circuit, this court "retains jurisdiction

to rule on this application of attorneys' fees, expenses, and costs."[7]  "[A]n award of attorney fees

. . . is perhaps the paradigmatic example of a collateral issue a district court may entertain after

an appeal has been taken to th[e] court [of appeals]."[8]

Notestine urges the court to stay any award "so as to prevent [Notestine] from

researching and preparing a response to Defendant's Bill of Costs and Motion for Attorneys'

Fees which may ultimately be rendered moot."[9]

Myriad, relying on *BIAX Corp., v. NVIDIA Corp.,*[10] argues that judicial economy favors

denying Notestine's Motion to Stay.  In *BIAX* the plaintiff appealed the final judgment and

"requested that the court defer ruling on the Defendant's Motion for Attorneys' Fees until after

its appeal of the judgment in the case was completed."[11]  The court in *BIAX* stated that the "[t]he

weight of authority . . . is that the usual course is for the Court to consider attorneys' fees

promptly after the merits decision rather than stay the Fee Petition," until resolution of the

---

[5] Motion to Stay.

[6] Memorandum in Opposition to Plaintiff's Motion to Stay Defendant's Bill of Costs and Motion for Attorneys' Fees and to Tax Costs During the Pendency of Plaintiff's Appeal, docket no. 47, filed July 29, 2013.

[7] *U.S. ex rel. Maxwell v. Kerr-McGee Oil & Gas Corp.*, 793 F. Supp. 2d 1260, 1266 (D. Colo. 2011).

[8] *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010).

[9] Motion to Stay at 1.

[10] *BIAX Corp. v. NVIDIA Corp.*, No. 09-CV-01257-PAB-MEH, 2012 WL 1949002  (D. Colo. May 30, 2012).

[11] *Id*. at *1.

appeal.[12] Furthermore, such a determination of fees should be decided "while the services performed are freshly in mind."[13]

*Biax* is sound.  Judicial economy is best served by denying Notestine's motion to stay and by deciding Myriad's motion for attorneys' fees "in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case."[14]

### II. Myriad is Entitled to Its Attorneys' Fees and Costs Under the Employment Contract

Myriad's Motion is supported by a Bill of Costs and Verified Memorandum of Costs and Affidavit of Counsel.[15]  Notestine has not filed an opposition to the amount Myriad claims for attorneys' fees and costs and the time for doing so has expired.[16]  Under the local rules "failure to respond timely to a motion may result in the court's granting the motion without further notice."[17]

Notestines's employment agreement entitles Myriad to attorneys' fees and costs.  The employment agreement states that the agreement is governed by "the laws of the State of Utah."[18]  Utah follows the traditional American rule, which states that "attorney fees are not recoverable by a prevailing party unless authorized by statute or contract."[19]  "[A]ttorney fees in Utah are awarded only as matter of right under a contract" and "only in strict accordance with

---

[12] *Id.* at *1-2 (quoting) (*In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, No. 03-3924, 2007 WL 4287393 at *2 (E.D. Pa. Dec. 4, 2007)).

[13] *BIAX*, 2012 WL 4287393, at *2 (citation omitted).

[14] *Id.* at *1.

[15] Verified Memorandum of Costs and Affidavit of Counsel (Verified Memorandum), docket no. 37, filed June 14, 2013; Bill of Costs, docket no. 38, filed June 14, 2013.

[16] DUCivR 7-1(b)(3).

[17] DUCivR 7-1(d).

[18] Employment Agreement at 5, attached to Verified Memorandum, docket no. 37-1, filed September 23, 2011.

[19] *Gallegos v. Lloyd*, 178 P.3d 922, 924 (Utah App. 2008).

the terms of the contract."[20]   Notestine's written employment agreement entitles the prevailing

party "to receive from the nonprevailing party any and all reasonable costs, including attorneys'

fees:"

> 15. Attorneys' Fees. In the event of any litigation between the parties relating to this Agreement or its subject matter, including Employee's employment with the Company, or Employee's termination of employment, the prevailing party shall be entitled to receive from the nonprevailing party any and all reasonable costs, including attorneys' fees, incurred by the prevailing party in connection with such litigation.[21]

Thus, under the employment agreement, Myriad as the prevailing party is entitled to an

award of attorneys' fees.

The fees Myriad seeks are reasonable. "Calculation of reasonable attorney fees is within

the sound discretion of the trial court, so long as the fees are supported by the evidence in the

record."[22]   The Verified Memorandum of Costs provided by Myriad in the record show that

Myriad is entitled to attorneys' fees and costs in the amount of $62,052.02.[23]   This amount

represents over 190 hours of work.[24]   Such work was reasonably necessary to address

Notestine's claims.  Moreover, Myriad's detailed billing statements show that the rates charged

by his attorneys are consistent with rates charged by attorneys with similar experience for this

locale.[25]   Accordingly, as the prevailing party, Myriad is entitled to reasonable attorneys' fees

and costs in the amount of $62,052.02.[26]

---

[20] *Giusti v. Sterling Wentworth Corp.*, 201 P.3d 966, 980 Utah (2009) (quoting *Foote v. Clark*, 962 P.2d 52, 54 (Utah 1998)).

[21] Employment Agreement at 5, attached to Verified Memorandum, docket no. 37-1, filed September 23, 2011.

[22] *Dejavue, Inc. v. U.S. Energy Corp.*, 1999 UT 993 P.2d 222, 227 citing *Baldwin v. Burton*, 850 P.2d 188, 199 (Utah 1993).

[23] Verified Memorandum at 6.

[24] *Id.* at 4.

[25] *Id.* at 5.

[26] *Id.* at 6.

## ORDER

**IT IS HEREBY ORDERED** Plaintiff's Motion to Stay on Defendant's Bill of Costs and Motion for Attorneys' Fees During the Pendency of Plaintiff's Appeal is **DENIED**[27] and Defendant's Motion for Attorneys' Fees and to Tax Costs is **GRANTED.**[28]

Dated October 15, 2013.

BY THE COURT:

David Nuffer
United States District Judge

---

[27] Motion to Stay Defendant's Bill of Costs and Motion for Attorneys' Fees and to Tax Costs During the Pendency of Plaintiff's Appeal, docket no. 46, filed July 11, 2013.

[28] Motion for Attorneys' Fees and to Tax Costs, docket no. 36, filed June 14, 2013.